IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KWAKU OTI ACHEAMPONG ) | |
|     Plaintiff, ) | Civil Action No. 7:23cv396 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By:  Robert S. Ballou |
|     Defendant. ) | United States District Judge |

    Kwaku Oti Acheampong, a Virginia inmate proceeding *pro se*, has filed this civil action under 42 U.S.C. § 1983 against the Commonwealth of Virginia.  Preliminary screening of the complaint pursuant to 28 U.S.C. § 1915A reveals that Acheampong is challenging various convictions in Virginia Beach and in Norfolk, alleging due process and equal protection violations, ineffective assistance of counsel, and sufficiency of evidence to prove guilt beyond a reasonable doubt.  Such challenges to the legality of state confinement and to the length of a state-imposed sentence are properly brought in a habeas petition under 28 U.S.C. § 2254, not in a civil rights action.  Section 1983 allows lawsuits to challenge conditions in prison or unconstitutional treatment of a prisoner by someone acting under color of state law.  *Wilborn v. Mansukhani*, 795 F. App'x 157, 164 (4th Cir. 2019) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 498 (1973).  Accordingly, his allegations do not support a claim under § 1983.

    On the same date that Acheampong filed this § 1983 case, he also filed a habeas petition challenging a Norfolk Circuit Court conviction in case No. CR20001341, one of the same case numbers included on his 1983 complaint.  The habeas case was transferred to the Eastern District of Virginia, the proper venue for habeas challenges to state convictions occurring within the geographic region served by the Eastern Virginia District Court, and that petition is still pending.

A second habeas petition challenging the same conviction is not permitted except under very limited circumstances.  28 U.S.C. § 2244(b).

Because Acheampong's § 1983 complaint appears to challenge judgments from Virginia Beach, as well as from Norfolk, that matter would require a separate habeas petition.  Rule 2(e), Rules Governing Habeas Corpus Cases Under § 2254.  Further, because Virginia Beach is within the territory of the Eastern District of Virginia, any habeas challenge to a Virginia Beach conviction would be properly filed in the United States District Court for the Eastern District of Virginia.

Acheampong's complaint fails to state a claim arising under § 1983.  Further, this court is not the proper venue for his claims sounding in habeas, and his habeas claims, at least in part, appear to be barred by the rule against second or subsequent petitions.  I will enter an appropriate order dismissing the case.

Enter:  December 18, 2023

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge